IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KIMBERLY G. RODRIGUEZ,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　　Case No. 3:14-cv-01890
　　　　　　　　　　　　　　　　　　)　　　Judge Sharp / Knowles
CITIMORTGAGE, INC.; BROCK & SCOTT,　)
PLLC,　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　　)

## REPORT AND RECOMMENDATION

### I. Introduction, Background, and Factual Allegations

This matter is before the Court upon Defendants' Motion to Dismiss pursuant to Fed. R.

Civ. P. 8(a) and 12(b)(6). Docket No. 10. Defendants have also filed a supporting Memorandum

of Law. Docket No. 11. As grounds for their Motion, Defendants contend that the Complaint:

(1) does not contain a short and plain statement of the claim showing that Plaintiff is entitled to

relief; and (2) fails to state a claim upon which relief may be granted. *Id.* Defendants

additionally note that they have not been properly served. *Id.*

Plaintiff has not responded to the instant Motion.

Plaintiff, pro se, filed this action pursuant to the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. §1692, et seq. Docket No. 1.[1] Plaintiff alleges that: (1) "Defendant

claimed the existence of a document establishing a lien against the property" she owned;

---

[1] In her Complaint, Plaintiff also sought a temporary restraining order preventing the
foreclosure sale of her property. *Id.* Plaintiff's property was sold back to Defendant
CitiMortgage, however, on September 23, 2014, at the foreclosure sale. *See* Docket No. 11-2,
Substitute Trustee's Deed.

(2) "Defendant claimed authority to exercise the provisions of said lien document for the purposes of collecting" the alleged debt of $479,543.81; and (3) "Defendant claimed authority to exercise foreclosure on an alleged lien against the property." *Id.* Plaintiff disputes that Defendants are the "true holder[s] of said debt instrument" and seeks, *inter alia*, the "production of the original contract upon which Defendant claims authority to demand payment." *Id.* Arguing that she never entered into a contractual agreement with Defendant or "created a document creating a lien against [her] real property to the benefit of Defendant," Plaintiff disputes that she owes the money to Defendants. *Id.*

Plaintiff argues that she sent Defendant a "debt validation letter," to which Defendant failed to "properly respond." *Id.* Plaintiff argues that Defendant's failure to "properly respond" to her "debt validation letter" "gives [her] reason to believe that Defendant lacks the agency, standing, and/or capacity claimed," and results in Defendant being "subject to statutory estoppel from further collection attempts as a matter of law." *Id.* Plaintiff essentially argues that she does not have to tender payment to Defendant because Defendant has not proved to her that it "was an agent for the principal holding the alleged note." *Id.* Plaintiff contends that "Defendant has perpetrated, and continues to perpetrate an act of negligence against [her] by attempting to collect a debt when Defendant has failed to provide the statutorily required validation of said debt," and she argues that, "[e]ven if a debt did exist, [she] would not execute payment if [she] tendered payment to a person or entity not properly authorized to take payment." *Id.*

Plaintiff maintains:

> Plaintiff has reason to believe, based on the widely publicized practices of banks in the United States that no instrument exists wherein Plaintiff can be shown to have an

2

obligation to Defendant and/or even if such an instrument were to exist, because of the recent practices of banks in the United States, Plaintiff cannot be sure, absent proof, that Defendant has authority to collect said debt.

. . .

Plaintiffs [*sic*] challenge Defendant's authority, both as to actual authority and as to apparent authority. . . . Plaintiff demands that Defendant establish the ***entire*** chain of agency, from inception of the note up to the current alleged holder. Without said proof, no one has signature authority. Apparent authority doesn't exist, either.

. . .

Plaintiff, on investigation and belief, alleges that Defendant violated the Fair Debt Collections Protections [*sic*] Act to the detriment of Plaintiff by using false, deceptive, and misleading representations or means in connection with the collection of an alleged debt wherein Defendant misinterpreted the character, amount, and legal status of the alleged debt; (15 USC 1692(e)(2)) & (f), and by threatening to take action against Plaintiff that could not legally be taken. (15 USC 1692(e)(5)). By causing to be sent to Plaintiff, through the United States mail, fraud and/or negligenceulent [*sic*] demands for payment for which Defendant had no authority to make. Plaintiff alleges and avers that Defendant caused to be sent through the United States Mail Service, fraud and/or negligenceulent [*sic*] demands for payment from Plaintiff in order to facilitate the herein alleged fraud and/or negligence. Plaintiff alleges and avers that Defendant subjected Plaintiff to a fraud and/or negligence scheme to collect monies not owed to Defendant and that Defendant intended to collect the full amount on an alleged debt which, over the term of the alleged debt would amount to (full amount of principal and interest over term of alleged note), $510,120.00.

. . .

Plaintiff alleges and avers that Defendant subjected Plaintiff to severe emotional stress through direct or implied threat that Plaintiff would lose Plaintiff's primary place of residence if Plaintiff failed to pay the extortion demanded by Defendant.

*Id.* (Emphasis original.)

3

Defendants, in their Motion for Summary Judgment and supporting Memorandum of Law, argue that Plaintiff's Complaint, on its face, fails to state a claim under the FDCPA, and also fails to satisfy Fed. R. Civ. P. 8(a)(2)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief," as the "Complaint is a threadbare allegation without any factual support." Docket Nos. 10, 11. Specifically, Defendants argue that Plaintiff fails to allege any facts that would show either that she is a consumer entitled to protection under the FDCPA, or that any Defendant is a "debt collector" as defined in the FDCPA. *Id.* Defendants further contend that Plaintiff has failed to allege what section of the FDCPA was violated, which Defendant committed the violation, and how the violation occurred. *Id.* Defendants additionally assert that Plaintiff requests relief that is unavailable under the FDCPA and that is unavailable as shown by the Substitute Trustee's Deed. *Id.* Defendants note that Plaintiff does not seek damages, but rather, seeks a "temporary restraining order preventing the plaintiff defendant [*sic*] from foreclosing on and selling the property until and unless defendant [*sic*] prevails in the current litigation by simply proving that Defendant [*sic*] has shown intent to perform." *Id., quoting* Docket No. 1, p. 3. Defendants contend that the FDCPA does not provide for injunctive relief, and note that even if it did, the property has already been sold at a foreclosure sale, thereby leaving this Court without the ability to grant the relief requested, such that the "Complaint and the relief requested therein are moot." *Id.*

For the reasons discussed below, the undersigned recommends that Defendants' Motion to Dismiss (Docket No. 10) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

## II. Law and Analysis

### A. Fed. R. Civ. P. 8(a)(2) and 8(d)(1)

Fed. R. Civ. P. 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(d)(1) requires that each allegation be "simple, concise, and direct." A claim that "is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits" violates Rule 8. *Harrell v. Dirs. of Bur. Of Narcotics & Dangerous Drugs*, 70 F.R.D. 444, 446 (E.D. Tenn. 1975).

### B. Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id.* At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See*

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 137 L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as

follows:

> Two working principles underlie our decision in *Twombly*. First,
> the tenet that a court must accept as true all of the allegations
> contained in a complaint is inapplicable to legal conclusions.
> Threadbare recitals of the elements of the cause of action,
> supported by mere conclusory statements, do not suffice . . . . Rule
> 8 marks a notable and generous departure from the hyper-technical,
> code-pleading regime of a prior error, but it does not unlock the
> doors of discovery for plaintiff armed with nothing more than
> conclusions. Second, only a complaint that states a plausible claim
> for relief survives a motion to dismiss . . . . Determining whether a
> complaint states a plausible claim for relief will, as the Court of
> Appeals observed, be a context-specific task that requires the
> reviewing court to draw on its judicial experience and common
> sense. . . . But where the well-pleaded facts do not permit the court
> to infer more than the mere possibility of misconduct, the
> complaint has alleged - but it has not "show[n]" - "that the pleader
> is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

## C. The Case at Bar

As discussed above, Plaintiff alleges that Defendants violated her rights under the

FDCPA. Docket No. 1. The FDCPA applies to debt collectors, and provides that, upon being

assigned a debt, the debt collector must communicate with a consumer in connection with the

collection of the debt and send the consumer a written notice containing information about the

debt. *See, e.g.,* 15 U.S.C. §§ 1692a(6), 1962g.

As an initial matter, Defendants are not "debt collectors" as defined by the FDCPA. The

FDCPA defines "debt collectors" as including "any person who uses any instrumentality of

interstate commerce or the mails in any business the principal purpose of which is the collection

of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or

due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The FDCPA and established

case law except mortgage holders and loan servicers from the Act's definition of "debt

collector." *See* 15 U.S.C. 1692a(6)(F) ("A debt collector does not include 'any person collecting

or attempting to collect any debt owed or due or asserted to be owed or due another to the extent

such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such

person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit

transaction involving the creditor.'"); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106

(6th Cir. 1996). Additionally, the law is well-settled that attempts to foreclose on a mortgage do

not constitute debt collection activity for the purposes of the FDCPA. *See, e.g., Montgomery v.*

*Huntington Bank*, 346 F.3d 693, 700-01 (6th Cir. 2003). Because Defendants are not "debt

collectors" as defined by the FDCPA, and because foreclosure actions do not constitute debt

collection activity for FDCPA purposes, Plaintiff cannot sustain this claim against them.

Moreover, Plaintiff does not set forth actual claims or the elements required therefor, nor

does she set forth actual facts relevant to each requisite element of her claims; her pleadings are

comprised of passages from case law and statutes and conclusory accusations. Plaintiff's

pleadings, therefore, violate Rule 8.

Finally, because the Court cannot grant the relief Plaintiff seeks, as the subject property

has been sold at a foreclosure sale, this action is MOOT.

### III. Conclusion

For the reasons discussed above, the undersigned recommends that Defendants' Motion

to Dismiss (Docket No. 10) be GRANTED, and that this action be DISMISSED WITH

PREJUDICE.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied,* 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. CLIFTON KNOWLES
United States Magistrate Judge